ANSONIA BRASS AND COPPER COMPANY, Respondent, *v.* GEORGE BABBITT, as Sheriff, etc., Appellant.

Where a sheriff after a levy, under an execution, upon property of the judgment debtor sufficient to satisfy the execution, returns it unsatisfied, he is *prima facie* liable to the plaintiff to the amount of the judgment.

The fact that the property was taken by a U. S. marshal, under a warrant in bankruptcy proceedings, instituted against the judgment debtor subsequent to the levy, and was by said marshal turned over to the assignee in bankruptcy, does not exonerate the sheriff, although such taking was without his consent and against his protest, as the lien of the execution was paramount to the right of the marshal or assignee.

Where an order to show cause was made by the U. S. District Court, on filing of the petition in bankruptcy restraining the sheriff, who had

made such a levy, from making any transfer or disposition of the property, or from any interference therewith, except for its security, until further order of the court, *held,* that the order did not justify the surrender of possession, or a failure to recover; that it was in no proper sense a yielding to a *vis major.*

In an action against the sheriff it appeared that he advised the attorney of the plaintiff in the execution, of the order restraining his proceedings, and requested instructions as to return of execution; the attorney authorized him to "retain the execution until requested to make a return." *Held,* that this did not relieve the sheriff from the duty of holding his levy and retaining possession of the property; nor was he relieved from this duty, or justified in allowing the property to be taken by the marshal by his ignorance of his legal rights.

It appeared, however, that subsequent to the taking of the property by the marshal, and the turning of it over to the assignee, the plaintiff proved his debt before the register in bankruptcy as a debt arising upon judgment without reference to or disclosing the lien by virtue of the execution; the claim was allowed and a dividend declared thereon. Thereafter plaintiff gave the sheriff directions to return the execution immediately, which he did, making a special return setting forth the facts, and that nothing had been collected on the execution. *Held,* that plaintiff by proving his debt without disclosing his security, released his lien, the property passed to the assignee freed therefrom, and the sheriff was authorized to return the execution unsatisfied, and having returned it pursuant to the peremptory directions of plaintiff, he was exonerated; that plaintiff submitted his claim to the jurisdiction of the court of bankruptcy, which had power to relieve him, by allowing him to withdraw or amend his proofs so as to preserve his lien, and his remedy was in that court.

Also, *held,* that plaintiff was not in a position to question the regularity or sufficiency of his proof.

It appeared that plaintiff, prior to the commencement of this action, applied to the U. S. District Court for relief, which was denied. *Held,* immaterial, as he had by his own act submitted his claim to the jurisdiction of that court.

(Argued June 18, 1878; decided September 17, 1878.)

APPEAL from judgment of the General Term of the Supreme Court, in the fourth judicial department, affirming a judgment in favor of plaintiff, entered upon a decision of the court on trial, without a jury.

This action was brought to recover against defendant, as sheriff of the county of Jefferson, the amount of an execution issued to him as such, the complaint alleging that after a levy upon sufficient property of the judgment debtor to

satisfy the execution, defendant illegally released the levy and returned the execution unsatisfied.

On the 26th June, 1876, defendant as such sheriff, by virtue of an execution issued to him in favor of plaintiff against one Frink, levied upon personal property of Frink sufficient to satisfy the execution. On August 2, 1873, a petition in bankruptcy was filed against Frink, and on the fourth, defendant was served with an order of the bankruptcy court restraining him, " until the further order of the court, from making any transfer or disposition of any of the property of the said Frink, * * and from any interference therewith, except for its security and protection." On August eighth defendant wrote to plaintiff's attorney advising him of the service of the order, adding the following : " I have always been instructed here, in such cases, to hold the execution in my hands, not return it at the end of sixty days ; Think that the proper course, anyway, as I thereby hold my levy in case there should anything favorable occur. Will you please inform me what you advise in the matter ?" In answer to this said attorney wrote : " You are hereby authorized to retain the execution till requested to make a return." On August fifteenth Frink was adjudicated a bankrupt. A warrant was issued to the U. S. marshal to take the property of the bankrupt. He demanded of defendant the property levied on. Defendant refused to deliver up the same. In the latter part of August the marshal took the property in the absence of defendant, and without his consent, and subsequently turned it over to the assignee in bankruptcy. In November, 1873, plaintiff proved its judgment before the register in bankruptcy, without referring in any manner to the levy, or disclosing or claiming any lien thereunder. The proof was allowed, and a dividend declared upon it, which was tendered to plaintiff May 1, 1874 ; it refused to accept it. On May eighteenth plaintiff's attorney wrote to defendant directing him to " return the execution immediately." Defendant returned the execution with the following annexed :

" I certify that on the 26th day of June, 1873, I levied the annexed execution on the personal property of defendant and advertised the same for sale ; that before the day of sale, the defendant was *put in bankruptcy,* and I was restrained from further proceedings thereon by an order of the United States District Court, for the northern district of New York. I have held said execution until the *present time by direction* of the plaintiff's attorney, and he *now* directs me to return the same, *nothing* having been collected thereon.

" May 20th, 1874.

" GEORGE BABBITT,

" *Sheriff of Jefferson county.*"

*A. E. Kilby,* for appellant. As plaintiff acquiesced in the action of the sheriff in suspending proceedings on the execution, after service of the injunction, he ratified his action and cannot recover. (*Oswego Co. Bk.* v. *Dubois,* 21 Wend., 351.) The attorney for plaintiff in an execution binds the plaintiff by directions to the sheriff, and the latter may with impunity follow his directions. (Crocker on Sheriffs, § 412; *Gorham* v. *Gale,* 7 Cow., 739; *Corning* v. *Southerland,* 3 Hill, 552; *Mickles* v. *Hart,* 1 Den., 548; Herman on Estoppel, §§ 395–419.) Plaintiff having proved his debt in the bankruptcy proceedings, waived all right of action growing out of the judgment. (Bankrupt Act, §§ 5, 105, U. S. Revised Statutes ; Bump's Bankruptcy [7th ed.], 90 ; *Stewart* v. *Isidore,* 1 N. B. R., 485; *Stewart* v. *Isidore,* 5 Abb. [N. S.], 68; *In re Bloss,* 4 N. B. R., 183–188 ; *Wallace* v. *Conrad,* 3 id., 41; *Ex parte Rolf,* 3 Mont. & Ayrton, 306; *In re Parks,* 10 N. B. R., 82; 4 Young & Collyer, 119; *Ex parte Solomon,* 1 Glyn & Jan., 25; *Heard* v. *Jones,* 15 N. B. R., 402 [404].) If the proof was defective it is not an answer to the position that the proof bars a recovery. (*In re Bogert,* 2 N. B. R., 435; S. C., 38 How. P. R., 111; *In re Haley,* 2 N. B. R., 36 [38]; *Buck* v. *Colbath,* 3 Wallace, 334.) The court below had no jurisdiction to try this action. (*Dingle* v. *Becker,* 9 N. B. R., 508.) The direction by

plaintiff's attorney to hold the execution until requested to make a return after levy rendered it dormant as to creditors. (*Knower* v. *Barnard et al.*, 5 Hill, 337; *Thompson* v. *Van Vechten*, 6 All., 459 ; *Hickok* v. *Coates*, 2 Wend., 419.) The sheriff was not culpable because he did not retake the property from the marshal. (*Wills* v. *Davis*, 10 N. B. R., 340; U. S. R. S., § 5024.)

*Marshall P. Stafford*, for respondent.   The sheriff having levied upon sufficient property to satisfy the execution is *prima facie* liable to plaintiff for the full amount. (*Sweezy* v. *Lott*, 21 N. Y., 481; *Ledyard* v. *Jones*, 7 id., 550; aff. S. C. in 4 Sandf., 67; *Bank Rome* v. *Curtiss*, 1 Hill, 275; *Miller* v. *Adsit*, 16 Wend., 350, 351.)   The order of the bankruptcy court, served on the sheriff, gives him no relief or excuse.   (Crocker on Sheriffs, §§ 431, 449, 1038, 1039; Bump's Bankruptcy [7th ed.], 195, 289; 3 Blackstone, 146; *Hall* v. *Tuttle*, 2 Wend., 478; *Miller* v. *Adsit*, 16 id., 350, 351; *Hartwell* v. *Bissell*, 17 Johns., 428 ; *Ansonia B. and C. Co.* v. *Babbitt*, 8 Hun, 162; *Matter of Bernstine*, 34 How., 289; *Marshall* v. *Know*, 8 N. B. R., 104; *Wilson* v. *Childs*, id., 527; *In re Marter*, 12 id., 188; *Orange Co. Bk.* v. *Dubois*, 21 Wend., 351; *Bullymore* v. *Cooper*, 2 Lans., 71 ; *Castellanos* v. *Jones*, 5 N. Y., 164.)   To excuse the sheriff on the ground of plaintiff's assent to his course, positive evidence of assent to the particular act is necessary. (*Moore* v. *Westervelt*, 1 Bosw., 366.)   Plaintiff cannot be held to have acquiesced in anything of which he had no knowledge.   (*People* v. *Conner*, 46 Barb., 333; *Wolford* v. *Oakley*, 43 How., 118.)   The instructions in the execution were fully adequate, and all the sheriff was entitled to. (*Ray* v. *Birdseye*, 5 Denio, 619; *Tomlinson* v. *Rowe*, Hill & D. Supp., 410 ; Freeman on Executions, § 252, p. 396.) The fact that a return of the execution was requested does not relieve defendant from liability. (*Jackson* v. *Bartlett*, 8 John., 285; *Kellogg* v. *Gilbert*, 10 id., 231; *Lusk* v. *Hastings*, 1 Hill, 659 ; *Waldrat* v. *Maynard*, 3 Barb., 587 ;

*Welch* v. *Cochrane*, 63 N. Y., 184; *Averill* v. *Williams*, 4 Denio, 295; *Landon* v. *Porter*, 13 Mass., 320; Freeman on Executions, § 106; *Haughey* v. *Albin*, 2 B. R., 399; *Webster* v. *Woodbridge*, 3 Dillion [Mo.], 74; *In re Ellerhorst*, 5 B. R., 144; *Miller* v. *Adsit*, 16 Wend., 350, 351.) The letter of plaintiff's attorney did not release defendant. (*Beers* v. *Hendrickson*, 45 N. Y., 665; *Shaw* v. *Kidder*, 2 How., 244; *Jackson* v. *Bartlett*, 8 Johns., 285; *Kellogg* v. *Gilbert*, 10 id., 230; *Simonton* v. *Barrell*, 21 Wend., 362; *Gaillard* v. *Smart*, 6 Cow., 388.) It would have been no defense if the sheriff had surrendered to superior force. (2 R. S., 441; 1 Blackstone, 343; 9 Coke; 2 Inst., 193; 3 id., 161; Viner Abr. Sheriff B.; *Coyles* v. *Hurtin*, 10 Johns., 91; *Smith* v. *Mason*, 6 N. B. R., 1; *People* v. *Brenman*, 12 id., 571.) The sheriff's liability was collateral, and in addition to any other security plaintiff had, and he cannot bring in matters extraneous to the record to excuse a breach of duty. (*Ansonia B. and C. Co.* v. *Babbitt*, 8 Hun, 161; *Shellington* v. *Howland*, 53 N. Y., 29; *Merchant's Nat. Bk.* v. *Comstock*, 55 id., 29; *Westervelt* v. *Pickney*, 14 Wend., 123; *Waldren* v. *Davison*, 15 id., 575; *Bacon* v. *Cropsey*, 7 N. Y., 195; *McElvoy* v. *Mancius*, 13 Johns., 121; *Littlefield* v. *Brown*, 1 Wend., 398.) Proof of a claim in bankruptcy, after the right of action had accrued, would not work a release of the claim against the sheriff. (*McElvoy* v. *Mancius*, 13 J. R., 121; *Littlefield* v. *Brown*, 1 Wend., 398; *In re Ellerhorst*, 5 N. B. R., 144; *Shellington* v. *Howland*, 53 N. Y., 275.)

ANDREWS, J. The sheriff having levied upon property of Frink sufficient to satisfy the execution, and returned it unsatisfied, is *prima facie* liable to the plaintiff for the amount of the judgment. It was incumbent upon him, in order to relieve himself from liability, to show some legal excuse for not collecting the execution. The fact that the property, subsequent to the levy, was taken by the marshal, under the warrant in the bankruptcy proceedings, and by him turned over to the assignee, did not exonerate the sheriff

from liability, although it was taken, as the judge found, without the consent and against the protest of the sheriff. The lien of the execution was paramount to the right of the marshal or assignee, and neither acquired any right to the possession of the property levied on, as against the sheriff. The sheriff, by virtue of the execution and levy, was entitled to retain possession of the property to meet the exigencies of the writ, and the assignee in bankruptcy took his title subject to the execution and levy, and no right of possession vested in him or in the marshal, until the execution was satisfied.

The order to show cause, made by the district court, on the 2d of August, 1873, on the filing of the petition in bankruptcy against Frink, restrained the sheriff from making any transfer or disposition of the bankrupt's property, or from any interference therewith, except for its security or preservation, until the further order of the court. But this order, assuming that it was binding upon the sheriff, who had no notice of the application for the order and was not heard in respect to it, did not assume to disturb his possession; and when the property was taken by the marshal, in the latter part of August, 1873, after the adjudication in bankruptcy, under his warrant, that process, as we have said, was no justification for his interference with the possession of the sheriff. It was the duty of the sheriff to retain the possession and sell the property to satisfy the execution, and to take all reasonable means to protect his levy. The marshal, having without right taken the property out of the sheriff's possession, the latter could have retaken it, or maintained an action against the marshal for its conversion. So also, he would have had a remedy against the assignee, after the property was turned over to him, upon his refusal to surrender it. (*Hotchkiss* v. *McVickar*, 12 J. R., 403; *Miller* v. *Adsit*, 16 Wend., 335; *Mildmay* v. *Smith*, 2 Saund., 343; Watson on Sheriff, 200.)

It was not therefore a defense to the sheriff in this action that the property was taken by the marshal. It was in no proper sense a yielding to a *vis major*. The sheriff had a right to use

all necessary force to protect his possession.  He made no effort to retain it, he was not in the actual custody of the property by himself or his agent when the marshal took it ; all he did was to claim it under his levy and refuse voluntarily to surrender it, on the demand of the marshal.

But the inaction of the sheriff, and his omission to resist the taking of the property by the marshal, was, as is quite apparent from the case, attributable to ignorance of his legal rights under the execution and levy as against the proceedings in bankruptcy.  Indeed the law at that time, as appears from the published decisions, was in a state of great uncertainty.  The relative rights of an execution creditor, whose judgment was obtained and execution levied upon a bankrupt's property, within four months before the commencement of proceedings in bankruptcy, and the assignee or marshal claiming the bankrupt's property had been the subject of frequent adjudication, in the bankruptcy courts, and the prevailing course of decision seemed to be that the proceedings in bankruptcy divested the lien of the execution.  The opposite doctrine was finally established by the decision of the Supreme Court of the United States in *Wilson* v. *The City Bank* (17 Wall., 473), made in October, 1873. The sheriff, in his proceedings and in his dealings with the plaintiff, acted, so far as appears, in good faith.  He promptly advised the plaintiff's attorney of the order of the bankrupt court restraining his proceedings, and, in the letter conveying this information, he suggested that it had been his practice, in such cases, not to return the execution at the end of the sixty days, as thereby he "would hold his levy, if anything favorable should occur," and requested the attorney to inform him of his wishes ; and the attorney, in response to this inquiry, authorized the sheriff "to retain the execution till requested to make a return."  The authority of the attorney was a justification to the sheriff for not returning the execution within the time fixed in the writ.  The sheriff may, and, indeed, is bound to follow the instructions of the plaintiff in the execution, within his general duty ; (*Root* v. *Wagner*, 30

N. Y., 9); and the direction of the attorney issuing the execution stands as the direction of the plaintiff; (*Gorham* v. *Gale*, 7 Cow., 739; *Corning* v. *Southland*, 3 Hill, 552; *Mickles* v. *Hart*, 1 Denio, 548). But the authority to retain the execution beyond the return day did not relieve the sheriff from the duty of holding his levy and retaining the possession of the property to answer the writ. Nor was he relieved from this duty or justified in allowing the property to be taken by the marshal by his ignorance of his legal rights. He was bound to know and ascertain his rights under the execution and levy, and the plaintiff was not bound to instruct him; (*Dyke* v. *Duke*, 4 B. [N. C.], 203; *Bowie* v. *Brahe*, 4 Duer, 676). So far as the plaintiff assumed to direct the officer the latter was relieved from responsibility; but he could not cast upon the plaintiff the burden of deciding for him in respect to his official duty.

If no other facts appeared than those which have been stated, the liability of the sheriff for returning the execution unsatisfied would seem to be established. But the difficulty in the way of the recovery by the plaintiff against the sheriff arises from two facts, which occurred subsequent to the taking by the marshal of the property from the sheriff's possession, and the turning it over by him to the assignee in bankruptcy; *first*, the plaintiff in November, 1873, proved his debt before the register in bankruptcy as a debt arising upon judgment, without referring to or disclosing the lien by virtue of the execution; and *second*, in May, 1874, he gave to the sheriff a peremptory direction to return the execution *immediately*, which the sheriff obeyed, making a special return, setting forth the proceedings in bankruptcy, and that he had retained the execution by the direction of the plaintiff, and now returned it by his direction "nothing having been collected thereon." It seems to be well settled as a general rule in courts of bankruptcy that the proof by a creditor of a bankrupt of a debt which is secured by lien on the bankrupt's property without disclosing the security, operates as a release or discharge of the security,

and the property upon which the lien exists passes to the assignee in bankruptcy discharged therefrom, and the creditor thereafter stands as a general creditor, entitled only to his equal share in the distribution of the bankrupt's estate ; (*Stewart* v. *Isidor*, 1 B. R., 485; *In re Bloss*, 4 id., 37; *In re Stansell*, 6 id., 183; *Wallace* v. *Conrad*, 3 id., 10) ; *Grugeon* v. *Gerrard*, 4 Y. & Collyer, 119; *Ex parte Solomon*, 1 G. & J., 25; *Ex parte Hornby*, Buck's Cas. Bank., 351; *Ex parte Downes*, 18 Ves., 290; *Ex parte Eggington*, Montagu, 72). The principle upon which this doctrine proceeds is that otherwise the proceeding would operate as a fraud upon or to the injury of other creditors, by enabling the secured creditor to obtain a dividend on his whole debt, out of the common fund, and at the same time have the benefit of the security, thereby producing inequality in the distribution between him and the other creditors. The bankrupt law protects existing *bona fide* liens, and a secured creditor may prove the balance of his debt remaining after applying the value of the security without surrendering it. If he does this only, he acquires no preference, except such as the law allows. The plaintiff, in this case, by proving his debt, submitted his claim to the jurisdiction of the court of bankruptcy. The claim was allowed as proved, and several months afterwards a dividend was declared upon it which, however, the plaintiff declined to accept. It is quite probable, that in proving the debt the plaintiff acted unadvisedly and in uncertainty as to the exact state of the law and the priority of right to the property levied upon, as between the sheriff and the assignee. But the district court had ample power to relieve him and to allow him to withdraw or amend the proofs, so as to have preserved his lien, and this power is frequently exercised where, through inadvertence, or in ignorance of his rights, and without fraud, a secured creditor has been prejudiced by the form of his proof : (Bump's Bank., 86, and cases cited).

In this case, the plaintiff, prior to the commencement of this action, applied to the district court for relief which,

for some reason which does not appear, was denied him. The plaintiff, by proving his debt without disclosing his security, placed himself in this position; by the general rule of law the lien, by virtue of the execution, was discharged, and the property passed to the assignee, freed therefrom. He had, by his own act, submitted his claim to the jurisdiction of the court of bankruptcy, and his remedy, to obtain relief from the effect of his mistake or inadvertence, was in that court, and until obtained, the right of the assignee to the property was perfect. Having by his own act discharged the lien, the sheriff could no longer pursue the property, and any remedy which he otherwise had to recover it or its value was defeated. Under these circumstances, we think the sheriff was authorized to return the execution unsatisfied, and having returned the execution, pursuant to the peremptory direction of the plaintiff — which must have been understood as a direction to return it in the condition in which it then was, — we think the sheriff, for this reason also, was justified.

The provision in the twentieth section of the bankrupt act, to the effect that if property subject to a lien is not sold, released or delivered up, as provided in that section, "the creditor shall not be allowed to prove any part of his debt" does not, we think, affect the rights of these parties. The proof of the plaintiff's debt might perhaps have been disallowed or rejected, for his omission to release his lien by a formal instrument, but it was not rejected but was allowed, and the lien was released by operation of law, and the plaintiff is not in a position to question the regularity or sufficiency of the proof. The same considerations dispose of the objection that the proof was not taken before the proper register, assuming it to be well founded — which is, however, as the law stood when the proof was made subject to much question.

The judgment should be reversed and a new trial granted.

All concur, except HAND, J., not voting; MILLER and EARL, JJ., absent.

Judgment reversed.