REUBEN WOOD, PLAINTIFF, v. CORNELIUS BODINE, AS
EX-SHERIFF OF SENECA COUNTY, DEFENDANT.

*Attachment — duty of the sheriff to retain the goods and to retake them by force, if necessary, from one who wrongfully removes them — liability of the sheriff for a failure so to do.*

Under an attachment procured by the plaintiff, in an action brought by him against one Kennedy, a deputy of the defendant, a sheriff, levied upon a stock of goods belonging to Kennedy, which were in a small store kept by him. The next day a constable broke open the door of the store, of which the sheriff had the key, levied upon the goods and commenced to remove them. The deputy appeared, notified the constable that the goods had been attached, and forbade him to remove or interfere with them. The constable, assisted by several other persons, continued to remove them and overpowered the deputy, who used all possible efforts to retain possession of them, and commanded the bystanders to assist him. Subsequently the sheriff brought an action against the constable for interfering with his possession and recovered a verdict for the value of the goods.

In this action brought by the plaintiff, who had recovered a judgment in the action in which the attachment was granted, and issued an execution thereon which had been returned unsatisfied, to recover the damages occasioned by the failure of the sheriff to keep and sell the property attached:

*Held*, that the plaintiff was entitled to recover.

That even if the sheriff had done all in his power to care for and protect the property up to the time at which the constable succeeded in wrongfully removing it, yet he was guilty of a neglect of his duty thereafter in failing to retake it by force or bring an action of replevin for its recovery.

MOTION for a new trial on exceptions ordered to be heard in the first instance at the General Term, after a verdict in favor of the plaintiff had been directed at the circuit.

The action was brought against the defendant, as the sheriff of Seneca county, to recover the damages occasioned by his wrongful

omission and neglect, to safely keep certain property attached by him in an action brought by the plaintiff.

The plaintiff procured an attachment to be issued out of this court against the goods and property of one Clark H. Kennedy, and delivered the same to one of the defendant's deputies, to be served. Immediately thereafter the sheriff seized and levied upon a small stock of goods owned by the defendant in the attachment, and kept in a store occupied by him in the village of Waterloo. After such levy was complete the sheriff took full possession of the store, locked the same and carried away the keys. The next day, and in his absence, a constable, having an execution against the same defendant, broke open the store, levied upon the goods and commenced a removal of the same, and the deputy sheriff being informed of the action of the constable went to the store, notified the constable that the goods had been previously seized by him on an attachment and were in his custody, and forbade a removal thereof or any interference therewith. The constable continued to remove the goods, assisted by several persons acting in concert with him and under his directions. The deputy sheriff used all possible effort to regain possession of the goods, but was overpowered by the constable and others acting with him. The proof tended to show that the under-sheriff gave notice to the bystanders that the goods had been levied upon by him and commanded them to assist him in retaining possession of the property. None of those present rendered any assistance to the sheriff. The place to which the constable removed the goods was not disclosed on the trial. The sheriff prosecuted the constable, in an action in this court, for interfering with his possession, and recovered a verdict for the value of the goods, upon which judgment had not been entered at the time of the trial of this action.

A judgment was perfected in the plaintiff's favor in the attachment suit for the sum of $313.75 damages and costs and an execution issued thereon to the defendant, who made a return thereon in these words: "Returned unsatisfied. The property mentioned in the attachment was taken from me by persons acting under the direction of Louie Thurlwatsler, who claimed an attachment against the same, on or about the 1st of January, 1878."

At the close of the evidence the defendant asked the court to submit to the jury the question, whether the sheriff used due dili-

gence in protecting the property attached, and maintaining his possession of the same. This request was declined and the court directed a verdict for the plaintiff for the sum of $353.

*D. Coates*, for the plaintiff.

*F. L. Manning*, for the defendant.

BARKER, J.:

By virtue of the seizure under the attachment, the property was in the custody of the law, the sheriff being the custodian. As a public officer, charged with the execution of legal process, he owed a duty to the plaintiff to safely and securely keep the property for the purpose of satisfying the judgment which the plaintiff recovered in the action in which the attachment issued. (Code of Civil Pro., §§ 681, 674, 708.) If the sheriff did not faithfully perform this duty, and by reason of any negligence on his part or on the part of any of his deputies the plaintiff has suffered damage, then the defendant is liable.

The nature and degree of a sheriff's liability in case of loss or destruction of property seized and taken into his possession, by virtue of legal process, was determined in case of *Moore* v. *Westervelt, Sheriff, etc.* (27 N. Y., 234). It was there held that his liability is the same as that of bailees for hire, citing and approving of the rule as stated in Edwards on Bailments, 59, as follows: "A sheriff levying upon goods, must use due diligence to keep them safely, to satisfy the execution. But he is not an insurer, and is not like a common carrier, answerable for a loss of the goods by fire. His capacity as an officer is not considered as fixing a more rigorous measure of liability upon him than if he were a private person."

In the case cited, the property had been seized by the sheriff on a writ of replevin and while in his custody was lost, having been sunk in the harbor of New York. In stating the rule of liability, the trial court instructed the jury: "That it was the duty of the sheriff to take such steps to insure the safety of the coal as a careful, prudent man of good sense and judgment, well acquainted with the condition of the vessel and her location, as regards exposure to storms and having all the power of the sheriff in the matter, might reasonably have been expected to take, had the coal belonged to himself;

and if the jury came to the conclusion that the sheriff did not take that degree of care and preservation of the coal as he had thus indicated, and that the injury was occasioned by the negligence of the defendant or his officers, the plaintiff would be entitled to a verdict."

The plaintiff thereupon asked the court to charge : " That the sheriff was bound to take more than ordinary care of this property, and if for the want of more than ordinary care the property was lost, he was responsible." The judge refused to charge this request.

These rulings were upheld as a correct statement of the law as to the duty and liability of a sheriff in such cases. The judgment of the court of last resort in this case puts an end to the contention, which has often been made, that the officer is an insurer of property in his hands by virtue of a levy under legal process, and is liable for its loss or destruction unless the same happened by the act of God or the public enemy.

The defendant insists that under the rule as now established, and upon the facts and circumstances of this case, it was a question of fact for the jury to determine whether he was guilty of any negligence or breach of duty in protecting the property in his custody, and it was error in withholding the question from their consideration.

If the real and only question in the case was whether the sheriff did all his duty in caring for the property and protecting his possession up to the time the constable succeeded in accomplishing his wrongful purpose, by removing the property on a claim of right by virtue of process in his hands, then very plainly a question of fact was presented for the determination of the jury.

It may be conceded that up to the end of the contest over the possession, the sheriff acted with the greatest diligence, activity and propriety ; that he summoned the bystanders to his assistance and they refused to aid him in retaining possession of the property and resisting the action of the constable. The sheriff's duty, however, did not end on a capture of the goods by the stronger hand of the constable. The goods were not lost nor destroyed, and from the evidence it is fair to assume that they remained in the hands of the constable and within the sheriff's bailiwick.

In all the cases where the sheriff's liability has been tested by the

rule, as already stated, and held exempt from the charge of negligence, there was a loss of the goods by theft, robbery, burglary, or by the action of the elements. It was so in the case of *Moore* v. *Westervelt* (*supra*). In *Jenner* v. *Joliffe* (6 Johns., 9), the loss occurred in consequence of a flood, in the stream where the lumber was rafted. In *Browning* v. *Hanford* (5 Hill, 588), the goods were consumed by fire while in the sheriff's possession. In other cases where the question was up, the goods were lost by larceny or robbery, the felon escaping with the same.

After the sheriff was deprived of his possession, he remained passive and did no act whatever, with a view of regaining the custody of the property. Therein, he was guilty of a breach of duty, which constituted actionable negligence. As the goods were not destroyed and remained within his jurisdiction he had ample power and authority to regain the possession. Although he had been deprived of the actual possession, the goods remained in the custody of the law and the levy under the attachment continued. It has never been held, by any court, as I can find, that a rescue of the property by a claimant, unless the claim was well founded, was a good and a sufficient return to a process in the hands of a sheriff. The sheriff had the power to raise the *posse comitatus* and reseize the property. He could have done it on the spot and gone in hot pursuit or acted with more deliberation and organized a force on a later day. No one can doubt if he had done this, that he would have regained the possession of the property. (Code of Civil Procedure, § 104; *Browning* v. *Hanford, supra.*) He could have prosecuted the constable in an action of replevin and by that means regained possession and had the property in his custody, so that he could have levied upon the same by virtue of the execution.

In *Midway* v. *Smith* (2 Saund., 343), it was stated by the court, that a return by a sheriff of a rescue is not a good and sufficient excuse on *fi. fa.* for a neglect to satisfy the execution out of the defendant's goods.

The facts and circumstances, in all esential particulars, are similar to the case of *Ansonia Brass and Copper Company* v. *Babbitt* (74 N. Y., 395), where after a levy by the sheriff, the marshal in bankruptcy proceedings, took the goods from the sheriff's possession without his consent and against his protest. He made no effort to regain

the actual possession of the property, and it was held by the court, that the seizure by the marshal constituted no defense for the sheriff, as the marshal acted without right or authority ; that in no proper sense had the sheriff yielded to a *vis major*; that he had the right to use all the necessary force to protect his possession, and having failed to do so was liable to the plaintiff in the execution.

We are therefore of the opinion that, as a matter of law upon the undisputed facts, the sheriff was guilty of a breach of official duty, and liable to the plaintiff for the value of the goods. The defendant asked that it be submitted to the jury, to assess the value of the goods levied upon, and this was refused by the court and the defendant excepted.

The inventory, as made by the sheriff and the appraisers selected by him, was given in evidence. The goods were itemized and the value placed on each article which, in the aggregate, amounted to $230.21. The plaintiff testified that the goods were of the value mentioned in the inventory. The defendant did not offer any proof on the question of value. This evidence *prima facie* established the value of the goods, and the jury would not have been justified in finding the value any less. As we read the attachment, the same was signed and allowed by the county judge, within the meaning of section 641 of the Code of Civil Procedure. As the debtor in the attachment proceedings did not move to vacate the same, and the same stands in full force and effect, the process afforded the sheriff full and complete protection, as the facts stated in the affidavit tended to make out a case authorizing the same to issue. The amount of the inventory is $230.21, and as there is no evidence that the goods were of greater value, it is manifest that the court was misled in stating the value to be $353, and directing a verdict for that sum.

On the plaintiff's stipulating that the verdict may be reduced to $230.21, judgment is ordered thereon, with costs, if such stipulation is refused then a new trial is ordered, with costs to abide the event.

Smith, P. J., and Hardin, J., concurred.

So ordered.