## N. Y. COMMON PLEAS.

ANSONIA BRASS AND COPPER COMPANY agt. WILLIAM C. CONNER, sheriff, &c.

*Execution — Sheriff's time to return extended by stay of proceedings — When admission made is available upon a new trial.*

An injunction order of the United States court staying the sheriff's proceedings operates to extend the time in which he is bound to make return of the execution by as many days as he was under stay.

An admission made on which a decision of the court is based is available upon a new trial of the action.

*General Term, May,* 1884.

*Before* J. F. DALY, LARREMORE *and* VAN HOESEN, *JJ.*

APPEAL by plaintiff from judgment of general term of city court affirming judgment of trial term dismissing complaint.

Action for failure to return execution against Charles G. Wilson's property after sixty days from the receipt thereof. Defenses, among others, that proceedings of defendant were

stayed by injunction issued by the United States district court, as follows:

"UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK. '

"In the Matter of CHARLES G. WILSON, a bankrupt.

"*In Bankruptcy.*

"On reading and filing the annexed affidavit of Charles G. Wilson, who has been declared a bankrupt, it appearing to my satisfaction that said Charles G. Wilson has been adjudicated a bankrupt, a merchant residing and carrying on business in the southern district of New York for more than six months, and that the Ansonia Brass and Copper Company have, by confession, procured a judgment against said bankrupt, and has execution thereon against and have levied upon the property of said bankrupt, and thereby are seeking a preference over the other creditors of said bankrupt, and that Le Post Hubbell, Fred. Hubbell and Dorcas Stiles are seeking to procure a preference, &c.

"Now, it is ordered that said Ansonia Brass and Copper Company, plaintiff in said judgment, and said Le Post Hubbell, Fred. Hubbell and Dorcas A. Stiles, and said William C. Conner, sheriff, their servants, agents, attorneys and employes are, and each of them is, hereby restrained and enjoined from interfering in any way with the said property of said Charles G. Wilson, a bankrupt, not exempt by act of congress approved March 2, 1867, and the acts amending the same, from the operation of said acts, and from any interference therewith until the further order of this court.

"Witness, honorable SAMUEL BLATCHFORD, judge of said court of the United States, at the United States court-room, in the city of New York and district aforesaid, this 27th day of November, 1875.

[L. S.]                     "GEO. F. BETTS,
                                        "*Clerk.*"

Ansonia Brass and Copper Company agt. Conner.

And that said order was granted upon affidavit of the bankrupt, the execution debtor, and was not vacated until December 14, 1875; that the sale of property levied upon by the sheriff was postponed until said order was vacated, and thereafter, on December seventeenth, the property was sold, &c.

*M. P. Stafford*, for appellant.

*Vanderpoel, Green & Cuming*, with *Henry Thompson*, for respondent.

J. F. DALY, *J.* — When this case was last before us on appeal we held that it was prematurely brought; that the injunction order of the United States district court stayed the sheriff's proceedings, and operated to extend the time in which he was bound to make return of the execution by as many days as he was under stay. (*Ansonia B. & C. Co.* agt. *Conner*, 3 *Civil Pro. R.*, 88.) We so held upon an admission in the case on appeal, made upon the trial by plaintiff, that by order of said district court the sheriff was enjoined and restrained "from all further proceedings under the said execution until the further order of the court, and that said order remained and was in full force and effect until the 14th day of December, 1875. On the new trial that admission seems to have been withdrawn, and the order of the district court was put in evidence; as to which order plaintiff now raises the question whether its legal effect was to stay the sheriff and his proceedings. Why the plaintiff was permitted to withdraw his original admission on which the former decision of this court was based does not appear, for it was available to defendant upon the new trial (1 *Phillips' Ev.*, 524 *marg. p.*; 1 *Greenl., Ev.*, *sec.* 186.) We are now, however, called upon to determine the effect of the order as read in evidence.

The district court had power to make orders enjoining any disposition of the bankrupt's property, in the form and to the effect of the order proved in this case. (*U. S. Rev. Stat.*, 5024.) This particular order forbade interference with the

identical property held by the sheriff. Authorities are cited to show that the court had no power to make such an order except in an action instituted for the express purpose of attacking the judgment (*Smith* agt. *Mason*, 14 *Wall.*, 419; *Marshall* agt. *Knox*, 16 *Wall.*, 551), and that a transferee of the bankrupt so enjoined would not have been liable for a contempt if he disobeyed such an order. (*In re Marter*, 8 *N. B. R.*, 188.) In the case of *Ansonia Brass and Copper Co.* agt. *Babbitt* (8 *Hun*, 157) it was held by the supreme court that notwithstanding an order of the district court enjoining the sheriff from further proceedings he had the right to go on and sell the property, being accountable only for the surplus to the assignee, and was not justified in giving up the property to the United States marshal.

In the same case in the court of appeals (74 *N. Y.*, 395), that court does not go further than to say that the order, "assuming that it was binding on the sheriff, who had no notice of the application for the order and was not heard in respect to it, did not assume to disturb his possession," and that it was his duty to retain the possession and sell the property to satisfy the execution and to take all reasonable means to protect his levy. It is not held that such an order would not excuse the sheriff so far as making his return within the statutory time is concerned if he obeyed and respected it until it was regularly set aside, a course of proceeding which the decent administration of justice required of the officer. That is the only question we have to deal with here, and I am inclined to adopt the views expressed in the city court on this point by chief justice McADAM at general term, and by justice HALL at trial term, that on the mere question whether the time in which the officer was to make his return was extended by the injunction order, no substantial harm resulting therefrom to the execution creditor, courts should hold that he was entitled to the benefit of his obedience to the mandate of the court, notwithstanding any doubts as to its jurisdiction or powers in the premises.

The judgment should be affirmed, with costs.

Should the appellant desire to have the decision of the court of appeals on the questions of law not definitely settled by its decisions :

1. Whether a stay of the sheriff's proceedings operates to extend the statutory time for making return on the execution.; and,

2. Whether the order in question having been obeyed by the sheriff until regularly vacated, operated as such a stay.

I am willing to make an order authorizing an appeal for that purpose.