(55 Misc. Rep. 546.)

### DUNN SALMON CO. v. PILLMORE et al.

(Supreme Court, Special Term, Onondaga County. August 20, 1907.)

1. BANKRUPTCY—PROOF AND ALLOWANCE OF CLAIM—WAIVER OF LIEN.
    Under Bankr. Act July 1, 1898, c. 541, § 57, 30 Stat. 560 [U. S. Comp. St. 1901, p. 3443], proof of a claim and its allowance in the bankruptcy court, without the creditor disclosing pendency of his action to require one to whom the bankrupt had given a chattel mortgage to account for the proceeds, on the ground that the mortgage, because not filed, was void as to creditors, operates as a waiver of any lien of the creditor, growing out of the commencement of such action.

2. SAME—LIENS CREATED WITHIN FOUR MONTHS OF BANKRUPTCY PROCEEDINGS.
    Any lien given a creditor of a bankrupt, by commencing action within four months of the adjudication of bankruptcy, and when the bankrupt was insolvent, against one to whom the bankrupt had given a chattel mortgage void as to creditors, because not filed, to recover of the mort-

gagee the value of the chattels sold by him, being void under Bankr. Act July 1, 1898, c. 541, § 67f, 30 Stat. 564 [U. S. Comp. St. 1901, p. 3450], the creditor cannot pursue such action; but any right of action passes to the trustee in bankruptcy under sections 67b, 70e, 30 Stat. 564, 565 [U. S. Comp. St. 1901, pp. 3449, 3451].

Action by the Dunn Salmon Company against William F. Pillmore and another.  Demurrer to answer overruled.

The plaintiff demurs to two of the defenses of the defendant Pillmore as insufficient in law upon their face.  The plaintiff, as a judgment creditor of the defendant Jones with an execution returned unsatisfied, brings an action in equity to set aside a sale of certain merchandise made by the defendant Pillmore to a third party under a bill of sale given by the defendant Jones to the defendant Pillmore covering the merchandise as security for a debt, but not filed, for a period of eight months, the defendant Jones remaining in possession of the property until the sale, during which time plaintiff was a creditor of Jones, and to compel Pillmore to account, upon the ground that the bill of sale was in effect a chattel mortgage, and void as to the plaintiff, a creditor, because not filed.  The bill of sale was given December 23, 1905. At that time and prior thereto and thereafter, and down to the 19th day of July, 1906, the plaintiff was a general creditor of the defendant Jones, Jones being indebted to the plaintiff during that time for merchandise sold.  On the 19th day of July, 1906, the plaintiff recovered a judgment against Jones for the purchase price of the merchandise in the sum of $420.68 damages and costs, which was entered in Onondaga county.  A transcript of the judgment was filed in Oneida county July 20, 1906.  Thereafter, and prior to the commencement of this action, an execution was issued upon the judgment, and returned unsatisfied.  On the 27th day of September, 1906, the defendant Pillmore, holding said bill of sale, sold and delivered to one Lewis the merchandise covered by it.  On the 24th day of December, 1906, defendant Jones was adjudicated a bankrupt in the United States District Court for the Northern District of New York, and one William J. Powers was duly appointed trustee in bankruptcy of the defendant Jones.  The record does not disclose the exact date of the commencement of this action, but does show that it was commenced within four months before the adjudication of bankruptcy, and that there are several judgment creditors of the defendant Jones upon whose judgments executions have been returned wholly unsatisfied.  While this action was pending, and before the amended complaint was served, the plaintiff proved his judgment in the bankruptcy court, and the same was allowed as a debt against the bankrupt's estate.  In proving and getting the judgment allowed in the bankruptcy court, the plaintiff did not disclose the pendency of this action, or that he held any claim by which his debt might be paid or in part paid, irrespective of the bankruptcy proceedings.  March 12, 1907, a decree was duly made in the bankruptcy court discharging the defendant Jones from his debts, including the debt represented by the judgment.

William B. Fuller, for plaintiff.
Mason & McNamara, for defendant Pillmore.

DE ANGELIS, J.  The alleged defenses which are assailed will be of no consequence, if it appears from the evidence upon the trial that the bill of sale was executed in good faith and was accompanied by a change of possession of the articles covered by it.

The first defense attacked as insufficient alleges the proof of the plaintiff's judgment and its allowance in the bankruptcy court without the disclosure of the pendency of this action as a waiver of the plaintiff's lien growing out of the commencement of the action.  Although the provisions of the bankruptcy act of 1867 differ somewhat from those of the present act on the subject, I am inclined to the view that the difference is not substantial.  Under the act of 1867; this would

have been a good defense, and therefore is good under the present act. Bankr. Act July 1, 1898, c. 541, § 57, 30 Stat. 560 [U. S. Comp. St. 1901, p. 3443]; Ansonia Brass & Copper Co. v. Babbitt, 74 N. Y. 395.

The second defense attacked is, in substance, the assertion of the adjudication of bankruptcy, the appointment of the trustee, the condemnation of the lien acquired by the plaintiff by the commencement of the action, the right of the trustee to maintain an action in favor of all the creditors to compel the defendant Pillmore to account, and the inability of the plaintiff to maintain this action. Article 8, § 90 (as amended by chapter 248, p. 499, Laws 1900), c. 418, p. 536, Laws 1897, being chapter 49 of the General Laws, known as the "Lien Law," originating in chapter 279, p. 402, Laws 1833, is as follows:

"Every mortgage or conveyance intended to operate as a mortgage of goods and chattels * * * which is not accompanied by an immediate delivery, and be followed by an actual and continued change of possession of the things mortgaged, is absolutely void as against the creditors of the mortgagor, and as against subsequent purchasers and mortgagees in good faith, unless the mortgage, or a true copy thereof, is filed as directed in this article."

There are many authorities to sustain the proposition that a chattel mortgage that is not filed diligently as required by statute, while the mortgaged property remains in the possession of the mortgagor, is absolutely void as to those claims of the creditors of the mortgagor which are outstanding during the period in which the mortgage remains unfiled. Karst v. Gane, 136 N. Y. 316, 32 N. E. 1073; Stephens v. Perrine, 143 N. Y. 476, 39 N. E. 11; Stephens v. Meriden Britannia Co., 160 N. Y. 178, 54 N. E. 781, 73 Am. St. Rep. 678; Brunnemer v. Cook & Bernheimer Co., 180 N. Y. 188, 73 N. E. 19; Russell v. St. Mart, 180 N. Y. 355, 73 N. E. 31; Skilton v. Codington, 185 N. Y. 80, 77 N. E. 790. This is not because there is anything fraudulent in fact or law in the failure to file, but because of the absolute terms of the statute. For all practical purposes, the bill of sale in question may be regarded as a chattel mortgage. Upon the theory of the complaint, it was a "conveyance intended to operate as a mortgage of goods and chattels," in the language of the statute. Such an instrument is good as between the parties thereto, though not filed and though the property covered by it remains in the possession of the vendor. Such an unfiled mortgage is void as to creditors, even though the property covered thereby is disposed of by the mortgagor or the mortgagee or by their united action, unless to an innocent party taking it in good faith. In re Beede (D. C.) 138 Fed. 441. This is with the qualification that a bona fide transfer of the property by the mortgagor to the mortgagee in payment of the mortgage debt before a creditor obtains a lien by judgment and execution will be protected. Karst v. Gane, supra; Bowdish v. Page, 153 N. Y. 104, 47 N. E. 44. But such a transfer would not be immune against the attack of the trustee in bankruptcy in case of the adjudication in bankruptcy of the mortgagor within four months of the transfer. In case of a transfer of the property by the mortgagee under the mortgage, such creditor, after obtaining a judgment against the mortgagor and the return of an execution there-

on unsatisfied, can maintain an action in equity to set aside the transfer, and compel the mortgagee to account for the property or its value. Stephens v. Perrine, supra; Brunnemer v. Cook & Bernheimer Co., supra. In such a case I am inclined to the view that the commencement of the action by the judgment creditor is, in effect, the commencement of a creditors' bill, and thereby creates a lien upon what represents in the hands of the mortgagee the mortgaged property. It has been held that property covered by a chattel mortgage, not filed, passes to an assignee under a general assignment made by the mortgagor, subject to the lien of the mortgage. Sheldon v. Wickham, 161 N. Y. 500, 55 N. E. 1045. Logically such property is still subject to the claim of a creditor whose claim existed while the mortgage remained unfiled and may be put in judgment and in such form as to lay hold of the property before it passes to a bona fide holder. In re Beede (D. C.) 138 Fed. 441. Under the bankruptcy law of 1867, the lien of an unrecorded chattel mortgage was held to be good against the assignee in bankruptcy. Stewart v. Platt, 101 U. S. 731, 25 L. Ed. 816. There was nothing, then, in the bankruptcy act to save the rights of creditors under our state statute requiring the filing of chattel mortgages. Under the present bankruptcy act, the defect in the old law has been remedied and the trustee in bankruptcy now can protect the rights of the creditors. Subdivision "a" of section 67 of the present bankruptcy act is as follows:

"Claims which for want of record or for other reasons would not have been valid liens as against the claims of the creditors of the bankrupt shall not be liens against his estate."

This chattel mortgage was not a valid lien upon the property covered by it as against the claims of the creditors of the bankrupt for the want of record or filing. That is plain. Assuming that the commencement of the action by the plaintiff gave him a lien upon the claim against the defendant Pillmore, the lien was created within four months of the adjudication of bankruptcy and when the defendant Jones was unquestionably insolvent, and hence was void under the bankruptcy act as against creditors. Section 67, subd. "f." In other words, this particular creditor was prevented by the bankruptcy act from enforcing his rights as against the lien attempted to be created, because he would thereby gain a preference contrary to the bankruptcy act. Subdivision "b" of section 67 of the bankruptcy act is as follows:

"Whenever a creditor is prevented from enforcing his rights as against a lien created, or attempted to be created, by his debtor, who afterwards becomes a bankrupt, the trustee of the estate of such bankrupt shall be subrogated to and may enforce such rights of such creditor for the benefit of the estate."

This provision protects not only the claim of the plaintiff, but the claim of all the creditors of the mortgagor, for the benefit of the estate and of all the creditors of the bankrupt. The same right which these creditors would have had to compel the defendant Pillmore to account, if Jones had not become a bankrupt, is vested in the trustee in bankruptcy.

Subdivision "e" of section 70 of the present bankruptcy act is as follows:

"The trustee may avoid any transfer by the bankrupt of his property which any creditor of such bankrupt might have avoided, and may recover the property so transferred, or its value, from the person to whom it was transferred, unless he was a bona fide holder for value prior to the date of the adjudication. Such property may be recovered or its value collected from whoever may have received it, except a bona fide holder for value."

The Court of Appeals has recently held that the present bankruptcy act arms the trustee in bankruptcy with the right to assert the invalidity of an unfiled chattel mortgage in favor of the creditors of the mortgagor, even though their claims are not in judgment. Skilton v. Codington, 185 N. Y. 80, 77 N. E. 790. There is a further consideration regarding this defense. The following allegation appears in the complaint:

"Plaintiff further alleges upon information and belief that there was no consideration whatever passing from said defendant William F. Pillmore to said defendant Sheridan J. Jones for said alleged bill of sale."

In the prayer of the plaintiff for relief, the pleader seems to have based the plaintiff's claim for relief upon the ground that the bill of sale was fraudulent and void against the plaintiff. Although counsel have not argued the case upon that theory, it seems to me that the complaint may fairly be treated as the ordinary creditors' bill to set aside a transfer of the judgment debtor fraudulent against his creditors. In that view of the case the lien created by the commencement of the action was void under the bankruptcy act, and, under the provisions of the bankruptcy act already referred to and under section 7 of article 1 of the personal property law (Laws 1897, p. 509, c. 417), being chapter 47 of the General Laws, the sole right to maintain an action for the benefit of the creditors resides in the trustee in bankruptcy.

The demurrer is overruled, with costs.