WILLIAM H. DORRANCE, as Administrator, etc., Appellant, *v.* WILBUR M. HENDERSON, as Sheriff, etc., Respondent.

After defendant, as sheriff, had levied upon property and advertised it for sale under executions issued to him, proceedings in bankruptcy were commenced against the judgment debtors ; and, with the usual order to show cause, an order was issued by the clerk, as of course, without direction of the court as required by the Bankruptcy Act (U. S. R. S., § 5023), staying defendant from any transfer or disposition of the property. The sale was adjourned by defendant by direction of the attorneys for D., the judgment creditor, who before the adjourned day intervened by petition in the bankruptcy proceedings, setting forth these facts, and the consideration for his judgments, and alleging that they were recovered without collusion with the judgment creditors. The petition asked for a modification of the stay so as to allow defendant to sell under the executions. The application was opposed by affidavits tending to show that the debts and the judgments thereon were in fraud of the bankrupt law. After a hearing the bankrupt court denied the application, but directed the assignee in bankruptcy to sell the property levied upon free from the lien

of the executions, which lien the order declared should attach to the pro-
ceeds of sale, and gave to D. permission, within a time named, to apply
for an order requiring the assignee to apply the proceeds in payment of
the judgments. Defendant thereupon returned the executions *nulla bona.*
D. failed to make such application and brought this action for an alleged
false return. Thereafter the assignee in bankruptcy filed a bill in
equity against D. and the judgment debtors to determine the validity of
the judgments, and who was entitled to the proceeds of sale. D. appeared
therein and answered averring, among other things, that " the property
was taken from the sheriff by the assignee in obedience to the order of
the court and by him in like manner disposed of." After trial had in
such action, the court decreed the judgments and executions were ob-
tained in fraud of the Bankrupt Act, that the levy was null and void as
against the assignee and that he was entitled to said proceeds. *Held,* that
conceding the injunction accompanying the order to show cause was
without force, the voluntary appearance of D. made him a party to
the bankruptcy proceedings, and gave effect from that moment not only
to the subsequent orders but to the one already made, that the United
States courts had jurisdiction over the subject-matter and D.; also that
D., having appeared in and contested the action brought by the assignee,
could not now object that that court had no authority as to him to take
the proceedings; and that, therefore, the orders and judgment were a
protection to defendant; also that it was immaterial that the decree was
made after the commencement of this action; and that it was properly
set up by supplemental answer. (Code of Civil Procedure, § 544.)

(Argued April 30, 1883 ; decided May 11, 1883.)

APPEAL from order of the General Term of the Supreme
Court, in the third judicial department, made May 2, 1882,
which reversed a judgment in favor of plaintiff, entered upon
the report of a referee. (Reported below, 27 Hun, 206.)

This action was brought against defendant, as sheriff of the
county of Madison, to recover damages for alleged false returns
to two executions issued to him as such.

The material facts are stated in the opinion.

*Edwin H. Risley* for appellant. The fact that the clerk
docketed the judgment against " Thomas Downs, Jr., im-
pleaded," did not affect the regularity of the judgment or exe-
cutions. (*Northern B. of K.* v. *Wright,* 5 Robt. 604;
*Lahey* v. *Kinyon,* 13 Abb. 192.) It was an irregularity not

affecting the judgments, executions or levies, and one that the defendant could not avail himself of. (*Cable* v. *Cooper*, 15 Johns. 153; *Jones* v. *Cook*, 1 Cow. 309 ; *Hinman* v. *Brees*, 13 Johns. 529.) The stay contained in the order to show cause, issued by the District Court on filing the petition in bankruptcy, having been inserted by the clerk without authority, did not stay the defendant in making sale on the plaintiff's judgments and executions. (U. S. R. S., § 5022 ; *Roderigas* v. *E. R. S. Ins. Co.*, 76 N. Y. 316; *Cromy* v. *Hughes*, 2 Bk. Reg. 61; *Creditors* v. *Cozzens*, 3 id. 281 ; *Clark* v. *Binninger*, 38 How. Pr. 341.) The rights of a prior execution can only be determined by suit brought by the assignee against the execution creditor. (*Smith* v. *Mason*, 14 Wall. 419 ; *Marshall* v. *Knox*, 16 id. 551 ; *Doyle* v. *Sharpe*, 74 N. Y. 154.) The decree in the District Court, procured long after the defendant had made the false return on the executions and after this action was commenced, is not a bar to the plaintiff's recovery in this action ; defendant was not a party or privy to the record. (2 Smith's Lead. Cas. 626, 627 ; 1 Greenleaf on Evidence, §§ 523, 524 ; *Godard* v. *Benson*, 15 Abb. Pr. 191.) It is only questions, necessarily determined that conclude parties and their privies. (*Campbell* v. *Consalus*, 25 N. Y. 614 ; *Mason* v. *Alston*, 9 id. 28; *Luska* v. *O'Brien*, 68 id. 446.) The judgments and executions did not create a lien on the personal property of the bankrupt. The lien was created by force of the levy. (U. S. R. S., § 5128.) The levy by the defendant on personal property belonging to the defendants in the execution operated *per se* as a satisfaction of the judgments, and his unauthorized release of the same, and his return on the executions will not revive the judgments, so as to make them valid against the defendants. (*Ex parte Lawrence*, 4 Cow. 417 ; *Jackson* v. *Brown*, 7 id. 13.) The decree of the District Court did not vacate the judgments or executions. The levy, if preferential, was simply voidable at the election of the assignee ; as to all others the lien of the levy was valid. (*Cragen* v. *Thompson*, 12 N. B. R. 81 ; *In re Pierce*, 3 id. 258 ; *Reed* v. *Taylor*, 37 Iowa, 209 ; 4 N. B. R. 710 ; *Mattie* v. *Hotchkiss*, 5 id. 485 ;

*Hass* v. *O'Brien*, 66 N. Y. 597.)   The defendant cannot liti-
gate or show by the decree or otherwise the invalidity of his
levy as being made in violation of the bankrupt law, as a de-
fense to this action. (*Cable* v. *Cooper*, 15 Johns. 158 ; *Ontario
B'k* v. *Hottell*, 8 Cow. 192 ; *Ames* v. *Webster*, 8 Wend. 546 ;
*Hinman* v. *Brees*, 13 Johns. 529 ; *Ginochio* v. *Oser*, 1 Abb.
433 ; *Watson* v. *Brenan*, 7 J. & S. 81 ; *Dunford* v. *Weaver*,
84 N. Y. 445 ; Crocker on Sheriffs, §§ 860, 862.)   The same
rule applies to a property as to a body execution. (*Renick* v.
*Oser*, 4 Bosw. 384 ; *French* v. *Willett*, id. 649 ; *Bacon* v.
*Cropsey*, 7 N. Y. 195 ; *Benson* v. *Lynch*, 44 id. 162 ; *Carble*
v. *Cooper*, 15 Johns. 753 ; *Hutchinson* v. *Bumb*, 6 How. 74 ;
9 N. Y. 208 ; 57 How. 151 ; 16 Wend. 568 ; *Wisner* v. *Ocum-
paugh*, 71 N. Y. 113.)   The decree of the District Court is not
competent evidence in mitigation of damages. (*Bowman* v.
*Cornell*, 39 Barb. 69 ; *Ledyard* v. *Jones*, 7 N. Y. 550 ; *Col-
well* v. *Blakeley*, 1 Abb. Ct. of App. Dec. 400 ; *Keer* v. *Hoys*,
35 N. Y. 331 ; *Stedman* v. *Patchin*, 34 Barb. 218.)

*Louis Marshall* for respondent.   A party who has had no-
tice of and has been heard upon a motion is bound by the
decision, and this is true *a fortiori* if he himself invokes the
interposition of the court. (*Acker* v. *Ledyard*, 8 N. Y. 62 ;
*Barstow* v. *Randall*, 5 Hill, 518 ; *Martin* v. *Kanouse*, 2 Abb.
Pr. 390 ; *O'Brien* v. *Weld*, 2 Otto, 81 ; *S. C.*, 15 Bank. Reg.
405 ; *People, ex rel. Jennys*, v. *Brennan*, 3 Hun, 666 ; *Swain*
v. *Seaman*, 9 Wall. 274 ; *O'Brien* v. *Weld*, 2 Otto, 81.)   The
judgment in the action between the assignee in bankruptcy
as plaintiff, and Thomas Downs, Jr., was a valid and binding
adjudication upon the parties thereto and their privies, and es-
topped them from questioning any of the facts thereby deter-
mined. (*Castle* v. *Noyes*, 14 N. Y. 329 ; *Goddard* v. *Benson*,
15 Abb. Pr. 191 ; *Ansonia Brass & C. Co.* v. *Babbitt*, 74 N.
Y. 402, 405 ; *Root* v. *Wagner*, 30 id. 9 ; *People* v. *Reeder*,
25 id. 302 ; *Castle* v. *Noyes*, 14 id. 329 ; *White* v. *Philbrick*,
5 Greenl. 147 ; *Tate* v. *Hunter*, 3 Strobh. Eq. 136 ; *Tuska* v.
*O'Brien*, 68 N. Y. 446 ; *Gates* v. *Preston*, 41 id. 113 ; *Gel-*

*ston* v. *Hoyt,* 13 Johns. 570 ; *Cornell* v. *Barnes,* 7 Hill, 35 ; *McDonald* v. *Bunn,* 3 Den. 48 ; *Inman* v. *McNeil,* 57 How. Pr. 51; *Forsyth* v. *Campbell,* 15 Hun, 236; *Albee* v. *Ward,* 8 Mass. 78; *Jones* v. *Hope,* 1 Saund. 37 ; *Josuez* v. *Conner,* 7 Daly, 448 ; *Earl* v. *Camp,* 16 Wend. 567; *Horton* v. *Hendershot,* 1 Hill, 118 ; *Dr. Drury's Case,* 8 Coke, 142 ; *McDonald* v. *Bunn,* 3 Denio, 48.) Any fact which annuls, avoids or vacates a judgment and an execution issued thereon operates as an excuse to the officer to whom the execution is issued in an action for a false return. (*McGuinty* v. *Herrick,* 5 Wend. 240 ; *Brown* v. *Feeter,* 7 id. 301; *Wood* v. *Colvin,* 2 Hill, 566 ; *Ruckman* v. *Cowell,* 1 Comst. 505 ; *Carpenter* v. *Stilwell,* 11 N. Y. 71 ; *Craft* v. *Merrill,* 14 id . 456 ; *Stilwell* v. *Carpenter,* 59 id. 415 ; *Tiffany* v. *St. John,* 65 id. 314 ; *Terrett* v. *Brooklyn Imp. Co.,* 18 Hun, 6 ; *Ocean Nat. Bank* v. *Olcott,* 46 N. Y. 12 ; *Frost* v. *Yonkers Savings Bank,* 70 id. 560.) The judgments and executions upon which plaintiff founds his action having been annulled, he has, therefore, sustained no injury by their non-enforcement. (*Wehle* v. *Conner,* 69 N. Y. 546; *Stephens* v. *Rowe,* 3 Denio, 333 ; *Warren* v. *Tenth Nat. Bank,* 7 Bank. Reg. 481 ; *Traders' Bank* v. *Campbell,* 14 Wall. 87.) The proof of the debt evidenced by the two judgments by plaintiff's intestate in the bankruptcy proceedings as an unsecured debt constitutes a bar to a recovery by the plaintiff. (*Ansonia Brass Co.* v. *Babbitt,* 74 N. Y. 404.)

DANFORTH, J. On the 8th of August, 1876, Thomas Downs, Sr., obtained two judgments in the Supreme Court of this State, against Joseph D. Case and Thomas Downs, Jr. (partners in trade under the name of Case & Downs), and issued executions for their enforcement, to the defendant, then sheriff of Madison county. He levied them on property of the value of $2,000, and advertised it for sale, but on the 22d day of December, 1876, made return that he found nothing to satisfy the executions. This action was brought on the 31st of August, 1877, by the plaintiff's intestate, upon

the theory that the return was false. It was sustained by proof of these facts. It was competent, however, for the sheriff in defense of the action to show that the judgment debtors were bankrupts, and that the property, or its proceeds, belonged to their assignees. This was held in *Brydges* v. *Walford* (6 M. & S. 42), where it also appeared by the sheriff's return that he had levied and even sold the debtor's goods; all the judges of the King's Bench agreed "that on every ground both of law and fair dealing," he should prevail, and Lord ELLENBOROUGH said the plaintiff's claim "was against both law and morals." This defense was relied upon in the case before us, and relates to the same matter. On the part of the defendant it was proven that after the levy and on the 15th day of August, 1876, other creditors of Case & Downs commenced proceedings against them in the District Court of the United States in bankruptcy, and with the usual order to show cause, procured an order staying the defendant, "and all other persons from making any transfer or disposition of any of the property of the said Case and Downs    *    *    * and from any interference therewith, except for its security and preservation."

On the 22d day of August they were adjudged bankrupts, and the matter sent to a register. The advertised day of sale was the 16th, but on the 15th the sheriff was directed by the attorney in the executions to adjourn the sale to the 18th, and in the meantime the order in bankruptcy and stay having been served, that attorney on the 17th of August notified him that he (the attorney) might have "to apply to the court for an order in the matter," and unless heard from before a certain hour on the next day, he wished the sheriff "to adjourn the sale to August 23." This was done, and afterward a further adjournment, and on the 30th of August the attorney directed him to adjourn the sale to Wednesday, September 6, also saying, he "hoped to get the injunction dissolved" on the Tuesday before that day.

By petition dated September 4, entitled "*In the Matter of Case and Downs, Jr.*, against whom a petition for adjudica-

tion of bankruptcy was filed on the 15th day of August, 1876," duly subscribed and verified by the judgment creditor, and by the same attorney who issued the executions. Downs, Sr., intervened in the bankruptcy proceedings. After representing by his petition to the District Court among other things, the recovery of his judgments, the issuing of executions, and levy, and advertisement for sale thereunder, the order to show cause, the injunction order, and its service upon the sheriff, and that " he deemed himself thereby restrained from selling the property levied on," he stated the consideration of his judgments, asserted that they were recovered without collusion with the judgment debtors, that a speedy sale was desirable, not only for his own interest, but that of all their creditors, "prayed that said order may be so far modified as to allow the sheriff of Madison county to sell said property upon and by virtue of said executions, or that such other or further order in the premises be made and granted, as shall be just and equitable."

A copy of this petition, with notice that upon it, the order to show cause of August 15, and all other papers in the matter, he should apply to the District Court in bankruptcy for the relief asked for in the petition, was duly served on the attorneys for the creditors in bankruptcy, and at the time named was opposed by them upon an affidavit, tending at least to overcome the statements of the petitioner as to the consideration of the judgment debts, and the absence of collusion with the judgment debtors, and sufficient, if credited, to show that both the debts and judgments were in fraud of the bankrupt law, and invalid, and thereupon the bankrupt court, after hearing both parties, made an order dated September 19, 1876, by which the specific relief asked for was denied, but directing the assignee in bankruptcy, when appointed, to sell the assets so levied upon, "free and discharged" from the lien of the executions, "which lien," it declares, "shall attach to the moneys realized upon such sale, with the same effect as it now exists upon the property," and further ordered that the judgment creditors might, within a time named, apply upon petition and

upon notice to the assignee, for an order requiring him to apply the proceeds in payment of the judgments.

The judgment creditor, Downs, Sr., procured several extensions of time within which to present this petition, but finally omitted to do so, and on the 27th day of September, 1877, the assignee in bankruptcy filed his bill of complaint in equity against the judgment creditor and the judgment debtors, setting up the transactions before referred to, and asking that the judgments and executions be vacated, and the moneys arising from the sale of the property levied on, be adjudged to belong to the assignee in bankruptcy, and not to the judgment creditor. Downs, Sr., appeared in the suit and answered; among other things alleging that " the property was taken from the sheriff by the assignee in obedience to the order of the court, and by him in like manner disposed of, and that he still holds the proceeds." After trial had, the court decreed that the judgments and executions were obtained in fraud of the Bankruptcy Act, " that the said levy of said executions and the seizure of said goods and property by virtue thereof are null and void as against the complainant, and that the moneys arising from the sale of said property so levied on, and seized by virtue of said levy, and now in the depository of this court, belong to the complainant herein (the assignee in bankruptcy), and that the same be delivered over to him, free and discharged from all claims of said Thomas Downs, Sr., under said judgments and executions, or any order of this court heretofore made." Evidence of these things was rejected by the referee.

It may be conceded to the appellant that the injunction accompanying the order to show cause was without force in the first instance because issued by the clerk, and as of course without direction from the court. (U. S. R. S., § 5023.) But the voluntary appearance of the judgment creditor made him a party to the bankruptcy proceedings, and gave effect from that moment not only to subsequent orders therein but to the one already made. (*Acker* v. *Ledyard*, 8 N. Y. 62.) The defendant's case, however, does not rest on that alone. The order of September 19 was invited by the judgment creditor,

who by his petition invoked the summary interference of the
bankrupt court and its adjudication as to the validity of his
executions, and although he neglected to avail himself of the
privilege accorded by the District Court, yet he acquiesced in
the order, and if, as the learned counsel for the appellant now
claims, the orderly and proper mode of determining the con-
flicting claims for money made from the debtor's goods was by
bill in equity, that method also was tendered to, and accepted
by, him. The bill filed by the assignee was, as already shown,
for that very purpose. Upon trial the issue was found against
him. It has not been denied that the United States court had
jurisdiction over the subject-matter of the controversy, and
the consent of the judgment creditor was enough to bring him
within its jurisdiction. But he not only consented — he took
his chances of success in obtaining a favorable order and judg-
ment, and cannot now object that as to him the court had no
authority to take the proceedings.

They are, therefore, a protection to the sheriff. A similar
question was presented in *O'Brien* v. *Weld* (92 U. S. Sup.
Ct. 81), and in *People, ex rel. Jennys*, v. *Brennan* (3 Hun,
666); and under like circumstances it was held, that the sheriff
was justified in paying over the money collected to the
assignee. Nor is it material that the decree in question was
made after the commencement of this action. The Code
(§ 544) allowing a supplemental answer expressly includes such
a case, and it is enough that the money, proceeds of the levy,
is adjudged to belong to the assignee. It is not necessary to
determine whether the decree also vacates the judgments and
executions.

The order appealed from should be affirmed, and judgment
absolute, dismissing the complaint with costs, should be ren-
dered in favor of the respondent.

All concur, except RUGER, Ch. J., not sitting.

Order affirmed, and judgment accordingly.