It necessarily follows that the judgment appealed from should be affirmed.

All concur.

Judgment affirmed.

---

ANSONIA BRASS AND COPPER COMPANY, Appellant, *v.* WILLIAM C. CONNER et al., as Executors, etc., Respondents.

A sheriff to whom an execution has been delivered for collection is entitled to sixty full days within which to perform the duties enjoined upon him, and any stay which restrains him from enforcing the execution suspends, while it lasts, the running of the time in which he is required to return the writ.

Accordingly *held*, that an order made by a court of competent jurisdiction, staying a sheriff, having an execution in his hands, from any interference under the writ with the property of the judgment debtor, suspended during its continuance the running of the statutory term of sixty days.

In an action against a sheriff for alleged failure to return an execution, issued to him November 22, 1875, within sixty days, it appeared that in proceedings in bankruptcy instituted by the judgment debtor, upon an application made by him, showing, among other things, the seizure by the sheriff of his property under the execution, which the debtor alleged was issued upon a judgment obtained fraudulently, and in violation of the Bankruptcy Act, an order was issued November 27, restraining the sheriff from selling or interfering in any way with the property until the further order of the court. The plaintiff appeared in the Bankruptcy Court upon an application to vacate the order, and for leave to the sheriff to sell under the execution. Thereupon on December 17, an order was made vacating the stay, and granting the sheriff leave to sell, and plaintiff availed itself of such leave. This action was brought January 27, 1876. *Held*, that the Bankrupt Court had jurisdiction to grant the stay; that the time the stay lasted could not be included in the sixty days; and that the action was prematurely brought.

(Argued October 21, 1886; decided November 23, 1886.)

APPEAL from judgment of the City Court of the city of New York, entered upon a remittitur from the General Term of the Court of Common Pleas in and for the city and county of New York, dated May 24, 1884, which affirmed a judgment of the General Term of said City Court, which affirmed a judgment of said court at trial term, entered upon an order dismissing the complaint herein.

This action was originally brought against William C. Conner, the present defendant's testator, as sheriff of the county of New York, for failure to return an execution within sixty days after its delivery to him.

Plaintiff issued the execution upon a judgment against Charles G. Wilson on the 22d day of November, 1875. On the same day the sheriff levied the execution upon Wilson's property, and advertised it for sale. On the 27th day of November, 1875, Wilson filed his petition in bankruptcy in the District Court of the United States for the southern district of New York, and on the same day, upon affidavit alleging that plaintiff's judgment was fraudulent, and showing the issuing of the execution and a levy, and that the sheriff's sale would work greatly to the prejudice of the other creditors, and that plaintiff was trying to obtain an undue preference, made application for an order to restrain the plaintiff, the sheriff, and all other persons from interfering with the property levied on until further order of the court. The order was granted, but on December 17, 1875, on motion of plaintiff, it was vacated, and the sheriff was granted leave to sell.

During its continuance the sheriff maintained his levy and possession of Wilson's property, but postponed the sale thereof until after the injunction order was vacated.

On December seventeenth the defendants' testator sold said property at auction for $480.81, to plaintiff's knowledge. A dispute arose between the deputy sheriff and plaintiff respecting the amount of the officer's compensation, and the execution remained unreturned in the sheriff's hands until the 27th of January, 1876, when this action was begun.

The complaint was dismissed on the trial on the ground that the action was prematurely brought.

*Marshall P. Stafford* for appellant. The time for returning an execution having been fixed by statute, no court had any power to enlarge that time. (*Jackson* v. *Wiseburn,* 5 Wend. 137; *Caldwell* v. *Mayor, etc.,* 9 Paige, 574, *Bk. of Monroe* v. *Widner,* 11 id. 529; *Wait* v. *Van Allen,* 22 N. Y. 321; *Salles* v. *Butler,* 27 id. 639; *Humphrey* v. *Chamberlain,* 11 id. 275.) The statutory provision fixing the time at which an execution must be returned is solely for the benefit of the party who issues the execution, and the absolute right thus given him cannot be taken from him without his consent. (*Root* v. *Wagner,* 30 N. Y. 17; *Hathaway* v. *Howell,* 54 id. 109; *Nelson* v. *Kerr,* 59 id. 225; *Hotchkiss* v. *Mc Vickar,* 12 Johns. 407; *Root* v. *Wagner,* 30 id. 17; *Walters* v. *Sykes,* 22 Wend. 566; *Smith* v. *Erwin,* 77 N. Y. 47; *Van Rensselaer* v. *Kidd,* 6 id. 333; *Vail* v. *Lewis,* 4 Johns. 450; *Sherman* v. *Boyce,* 15 id. 443; *Devoe* v. *Elliot,* 2 Caines, 244; Freeman on Executions, § 106; *Sherman* v. *Boyce,* 15 Johns. 426; *Bigelow* v. *Provost,* 5 Hill, 566; *Humphrey* v. *Hathorn,* 24 Barb. 278.) Federal courts have no power to extend the time fixed by a State statute for an officer of a State court to return a process issued to him by a State court in an action tried therein. (U. S. Const., art. 3, § 2; *Mead* v. *Merritt,* 2 Paige, 404; *Peck* v. *Jenness,* 7 How. [U. S.] 624–5; *Randall* v. *Howard,* 2 Black, 589; *The Robert Fulton,* 1 Paine, 625; *Young* v. *Lavender,* 21 Wall. 276; *Williams* v. *Benedict,* 8 How. [U.S.] 107.) A court cannot accomplish by indirect means that which it has no power to do directly. (*Caldwell* v. *Mayor, etc.,* 9 Paige, 575; *Bk. of Monroe* v. *Widner,* 11 id. 532; *Wait* v. *Van Allen,* 22 N. Y. 321; *Salles* v. *Butler,* 27 id. 639; *Humphrey* v. *Chamberlain,* 11 id. 275; *Bryant* v. *Bryant,* 4 Abb. [N. S.] 138; *Lavelle* v. *Skelly,* 24 Hun, 642.) An execution and proceedings under it are proceedings in the action which results in the judgment on which the execution issues. (*U. S.* v. *Collins,* 4 Blatchf. 142; *Ruggles* v. *Simonton,* 3 Biss. 331.) The sheriff's possession of property under levy of an execution is the court's possession; his proceedings thereunder are the court's proceedings, and any interference with him in

such proceedings is an interference with the court and its proceedings. (*Johnson* v. *Bishop*, 1 Woolv. 326 ; *Kuhn* v. *McMillan*, 3 Dill. 372 ; *Ruggles* v. *Simonton*, 3 Biss. 328, 330.) Even courts of the same sovereignty, having co-ordinate jurisdiction, have no power to enjoin each other's proceedings. (*Grant* v. *Quick*, 5 Sandf. 612 ; *Bennett* v. *Le Roy*, 5 Abb. 55, 156; *Minor* v. *Webb*, 10 id. 286 ; *Phelan* v. *Smith*, 8 Cal. 521 ; *Schell* v. *Erie R. Co.*, 4 Abb. [N. S.] 287; *Ely* v. *Lowenstein*, 9 id. 39 ; *Arndt* v. *Williams*, 16 How. 246 ; *Hunt* v. *Farmers' L. Co.*, 8 id. 416 ; *Dedrick* v. *Hoysradt*, 4 id. 350 ; *Savage* v. *Allen*, 54 N. Y. 663 ; *Woodhull* v. *Rosenthal*, 61 id. 282; *Erie R. Co.* v. *Ramsey*, 45 id. 647.)   Federal courts belong to one sovereignty, State courts to another. (*Pomeroy* v. *Neff*, 95 U. S. 932–3 ; *Peck* v. *Jenness*, 7 How. [U. S.] 624 ; *City Bk.* v. *Skelton*, 2 Blatchf. 14, 28 ; *Ruggles* v. *Simonton*, 3 Biss. 330 ; *McKinn* v. *Voorhies*, 7 Cranch, 279 ; *Duncan* v. *Dant*, 1 How. 306 ; *U. S.* v. *Council of R.*, 6 Wall. 517 ; *Riggs* v. *Johnson Co.*, id. 194–5.)   A Federal court has no power to interfere with the administration or natural operation of a statute of any State. (*Williams* v. *Benedict*, 8 How. [U. S.] 107 ; *Young* v. *Lavender*, 21 Wall. 276 ; *Mead* v. *Merritt*, 2 Paige, 404.)   Or restrain proceedings in any State court, even where a plenary suit has been instituted expressly for that purpose. (*Diggs* v. *Wolcott*, 4 Cranch, 179; *Peck* v. *Jenness*, 7 How. [U. S.] 624–5 ; *Taylor* v. *Carryl*, 20 id. 583 ; *Johnson* v. *Bishop*, 1 Wall. 324.)   Still less by a mere order, when there is no suit pending before it to which those sought to be enjoined are parties. (*Smith* v. *Mason*, 14 Wall. 419 ; *Marshall* v. *Knox*, 16 id. 551 ; *In re Master*, 12 N. B. 188 ; *Wilson* v. *Childs*, 8 id. 527 ; *Tenth N. Bk.* v. *Sawyer*, 42 How. Pr. 179 ; *Clark* v. *Binniger*, 3 N. B. 518 ; *In re Campbell*, 1 id. 165 ; *In re Burns*, id. 174 ; *In re Dudley*, 1 Penn. L. J. 302 ; *The Oliver Jordan*, 2 Curtis, 414; *Blake* v. *A. & C. R. R. Co.*, 6 N. B. 332 ; *Hagan* v. *Lucas*, 10 Pet. 400 ; *Puliam* v. *Osborne*, 17 How. [U. S.] 471.)   The United States District Court was prohibited by statute from issuing an injunction, such as is invoked as a defense to this action.   (U. S.

Rev. Stat., §§ 720, 5024, 5106; *U. S.* v. *Collins,* 4 Blatchf. 142; *Ruggles* v. *Simonton,* 3 Biss. 331; *Johnson* v. *Bishop,* 1 Woolv. 326; *Keehn* v. *McMillan,* 3 Dillon, 372; *In re Mary Irving,* 14 N. B. 293–4; *In re Moses,* 6 id. 182.) When any court assumes to do what it has no power to do under any circumstances, its action is *coram non judice* and void. (*Quimbo Appo* v. *People,* 20 N. Y. 531; *People, ex rel. Tweed,* v. *Liscomb,* 60 id. 571, 591; *Bigelow* v. *Forrest,* 9 Wall. 351; *Ex parte Lange,* 18 id. 163, 177; *Ex parte Page,* 49 Mo. 291.) The sheriff would not have been in contempt had he proceeded to sell the property under the execution before the United States court order was vacated. (*In re Marter,* 12 N. B. 185; *In re Mary Irving,* 14 id. 293–4; *In re Moses,* 6 id. 182; *Ansonia* v. *Babbitt,* 8 Hun, 161–2.) Even where courts are authorized to extend the time fixed by statute for taking any steps in legal proceedings, such an extension is not worked by a mere stay of proceedings in the action. (*Thompson* v. *Erie R. Co.,* 9 Abb [N. S.] 233; *Platt* v. *Townsend,* 3 Abb. 9; *White* v. *Smith,* 16 id. 109; *Weeks* v. *Smith,* 3 id. 214; *Glover* v. *Whittenhall,* 6 Hill, 600; *Lowber* v. *Mayor, etc.,* 5 Abb. 268.) Failure to return the execution within the time allowed by law rendered the sheriff liable to an action. (*Ledyard* v. *Jones,* 7 N. Y. 550; *Sweezy* v. *Lott,* 21 id. 484; *Paterson* v. *Westervelt,* 17 Wend. 543; Sedgwick on Damages [6th ed.], 638–9; Field on Damages, 611.)

*Henry Thompson* for respondents. The statute which gives a sheriff sixty days in which to execute and return process means sixty full days, and the time during which he is enjoined and restrained by law from selling, or in any way interfering with the property seized under the execution, is not to be included in the time within which a return must be made. (*Renand* v. *O'Brien,* 35 N. Y. 99; *Livingston* v. *Cleveland,* 5 How. 397; Laws of 1840, chap. 334, § 24; *Bernheim* v. *Daggett, Shff., etc.,* 12 Abb. N. C. 317; 84 N. Y. 670; *Van Gelder* v. *Van Gelder,* 26 Hun, 357; *Dorance* v. *Henderson,*

*Shff.*, etc., 92 N. Y. 406; 27 Hun, 206; *People* v. *Carnley, Shff.*, etc., 3 Abb. 215; *Paige* v. *Willett, Shff.*, etc., 38 N. Y. 28; *Mills* v. *Thursby*, 11 How. 121; *Wehle* v. *Conner, Shff.*, etc., 63 id. 258; 69 id. 546, 550; 83 id. 231; Freeman on Execution, § 105 [ed. 1882]; *Ansonia Brass & Copper Co.* v. *Conner, Shff.*, etc., 3 Civ. Pro. 88; 67 How. 157.) The issuing of the injunction restraining the sheriff and the Ansonia Brass and Copper Company from all interference with Wilson's property until the further order of the court was within the power of the court, notwithstanding the previous levy under a State writ, and the most the sheriff could do was to hold his levy and keep possession of the property as he did. (U. S. Rev. Stat., §§ 4972, 4991, 5024, 5106, 5132; *In re Ulrich*, 6 Ben. 483; *In re Schnepf*, 2 id. 72; *In re Bernstein*, id. 44; *In re Wilber*, 1 id. 527; *In re Price Fuller*, 4 Bankr. Reg. 115; *In re Lady Bryan Mining Co.*, 6 id. 252; *In re Donaldson*, 1 id. 181; *In re Atkinson*, 7 id. 143; *In re Mallory*, 6 id. 22; *In re Dillard*, 9 id. 8; *Sutherland* v. *Lake Super. Co.*, id. 298; *Traders' Bk.* v. *Campbell*, 14 Wall. 87.) After levy the debtor, against whom process issues, still remains the general owner of the property seized, and is entitled by virtue of such ownership to the benefit of its full value. (*Scott* v. *Morgan*, 94 N. Y. 508, 515.) A party who has had notice of and been heard on a motion is bound by the decision, and this is true *a fortiori*, if he himself invokes the interposition of the court. (*Acker* v. *Ledyard*, 8 N. Y. 62; *Dorrance* v. *Henderson*, 92 id. 406; *O'Brien* v. *Weld*, 2 Otto, 81, approving *People, ex rel. Jennys*, v. *Brennan*, 3 Hun, 666.)

Ruger, Ch. J. The main question in this case is whether an order, made by a court of competent jurisdiction, staying the sheriff from interference, under an execution with the property of a judgment debtor suspends, during its continuance, the running of the statutory term of sixty days given to the sheriff for executing the process.

The execution in question was issued under section 290 of the Code of Procedure, which provided that an "execution shall

be returnable within sixty days after its receipt by the officer to the clerk with whom the record of judgment is filed." This was substantially a re-enactment of section 24, chapter 386, Laws of 1840, which was suspended temporarily by section 245 of the Code of Procedure adopted in 1848, and amended by section 290 in 1849. Previous to the act of 1840 executions were made returnable in term time, and no fixed period of time intervened between their receipt and return by the sheriff.

It will thus be seen that the period of sixty days for the service of such process, was originally provided by the act of 1840, and has ever since remained the same, with the exception of a few months in 1848 and 1849. The reason why this period was adopted has been stated to be for the "benefit of the sheriffs." (*Renaud* v. *O'Brien*, 35 N. Y. 99.) But we think this hardly comprises all the reasons for the provision, which are obvious from its nature.

It undoubtedly contemplates a reasonable opportunity for the sheriff to execute the process free from unreasonable demand by an impatient creditor for more peremptory service, and authority in the sheriff to extend indulgence for a limited time to a delinquent and embarrassed debtor. (Crocker on Sheriffs, § 488 ; *McDonald* v. *Neilson*, 2 Cow. 139.) The opportunity for indulgence afforded by the section is certainly not for the creditor's interest, as he is justly entitled to his money upon the recovery of his judgment.

The limitation upon the right of the sheriff to hold the execution was undoubtedly for the benefit of the judgment creditor, and intended to fix a time beyond which, in the usual process of collection, his right to payment should not be postponed. This, however, does not affect the right of any party interested, to stay the enforcement of an execution for sufficient cause. The sufficiency of the cause must of course be determined by the tribunal to which application for a stay is made, and when it has adjudged that sufficient cause exists, its order, provided it has jurisdiction of the matter and the parties, is obligatory upon them and must be obeyed. It was said by MILLER, J., in *Wehle* v. *Conner* (69 N. Y. 546),

in an action against the sheriff for not returning an execution, that " proof that plaintiff had directed the execution not to be returned, or that the sheriff had procured it to be stayed by order of the court, are lawful defenses." In the case of *Paige* v. *Willet* (38 N. Y. 28), it was held that the sheriff was not chargeable with interest accruing upon moneys collected by him on execution, but retained beyond the return day in obedience to an order restraining him from paying them over to the judgment creditor. The principle of this case seems clearly to recognize the exemption of the sheriff from liabliity when acting under the order'of the court. In *People* v. *Carnley* (3 Abb. 215, 216), it was decided that an order by a court of competent jurisdiction staying the sheriff's proceedings excused him from returning the writ according to its requirements, and that he could not, while thus restrained, be adjudged guilty of contempt in disobeying the mandate of the writ, or the notice of the judgment creditor to make return. This decision was made at Special Term, but was rendered by the late Judge DAVIES and accords with the analogies of the law.

The statute of limitations suspends its bar against parties who are incapacitated from commencing an action by reason of disability, and the law frequently deducts from the time within which an act is to be performed, those *dies non* upon which the party is unable to act.

So too the time limited for the issue of an execution, or making an application for leave to do so, does not run while the plaintiff is stayed by an injunction or other order from proceeding in the matter. (§ 1382, Code of Civ. Pro.) The policy of the statute could not be accomplished, if the sheriff should be deprived of the advantageous use of the time extended to him, by injunction orders or stays of proceedings covering the whole, or even a material portion of the time allowed him to serve the writ. Suppose the sheriff is stayed during the first fifty days of the life of the process, and the remaining time does not afford him sufficient opportunity to discover property, and make the money therefrom by a sale, is it reasonable that he should be visited with a penalty for not returning the

process according to its requirement? Or suppose after a levy, and before a sale, his proceedings are stayed until after the return day, can he be adjudged liable for the judgment debt because he did not make return? We cannot think so. Would the sheriff be justified in the case last supposed in abandoning his levy, and returning the execution at the end of sixty days from its receipt, and yet if not, under the plaintiff's contention, he would become liable to pay the judgment. Can a sheriff be made liable for the amount of a judgment which he is debarred from collecting, but which on the sixtieth day has secured by a levy upon property sufficient to satisfy it, but which he is unable to advertise and sell by reason of the necessity of returning his writ? We think not. It is claimed if he does not return his writ, he becomes liable, and certainly if he does return it, he not only abandons the levy, but makes himself liable for the debt as for a false return. He could not, under these circumstances, protect himself from suit by advancing the money to the plaintiff, and retain the execution to reimburse himself, for this, it has been held, he could not lawfully do. (*Carpenter* v. *Stilwell*, 11 N. Y. 61; *Mills* v. *Young*, 23 Wend. 314; *Sherman* v. *Boyce*, 15 Johns. 443.) And thus under the plaintiff's contention the officer would be liable for the debt in any event, although he is entirely without fault, and has by *vis major* been disabled during the whole period of the life of the writ from executing its command.

If the stay is granted for some alleged vice in the process, or the judgment upon which it is founded, as it usually is, why should the sheriff bear the loss occasioned by such delay, and the offending party be exempted therefrom? The law does not sanction such manifest injustice, and will give the statute a reasonable construction to avoid such a result.

We think the true policy of the statute can be satisfied only when the sheriff has sixty full days in which to perform the duties enjoined upon him. The onerous liabilities which the law imposes upon him for not returning process, for a false return, and for non-performance of his official duties, require

that his time for their performance should not be curtailed or limited by periods of disability.

Although the sheriff cannot levy upon property except during the life of the execution (*Davoe* v. *Elliott*, 2 Caines, 244; *Hathaway* v. *Howell*, 54 N. Y. 97, 114), he yet can complete the act already initiated by the levy by selling after the return day (*Davoe* v. *Elliott, supra*), and it is often indispensable to the security of the rights of the plaintiff that he should retain his writ for that purpose.

It is not questioned but that a stay procured by an appeal, and security given thereon, operates as a suspension of the time within which the sheriff is required to return the writ, and in such a case the sheriff retains the execution, and a levy made thereon, until the final determination of the appeal, even though years elapse; and then, in case of affirmance of the original judgment, makes the amount by virtue of his original levy. The stay effected by an appeal simply restrains the officer from collecting the execution. His power to return the writ is not in terms extended or restricted, and is not affected unless the right to enforce the writ suspends its requirement to make return within sixty days. Yet I think it has never been doubted that it was the duty of a sheriff to hold his execution and levy after appeal, and until the final determination of the case. The analogy between such a stay, and the one under discussion seems perfect, and requires us to hold that any stay which restrains the sheriff from enforcing the execution, suspends the running of the time in which he is required to return the writ.

It is also claimed by the appellant that the Bankrupt Court had no authority to make the order in question restraining the sheriff from selling the property. We think this point is not sustainable.

It cannot be questioned but that the judgment debtor, whose property has been taken by a sheriff under execution, remains its general owner, subject only to the special property acquired by the sheriff by reason of his levy, and his right to dispose of so much thereof by sale as may be required to satisfy the execution. (*Scott* v. *Morgan*, 94 N. Y. 508.) The residue of

property remaining unsold, after satisfaction of the judgment, reverts to the debtor by virtue of his ownership. While, however, still in the hands of the sheriff it is liable to attachment and levy on behalf of other creditors, and the resulting interest in the surplus, constitutes property in the debtor subject to be reached by creditors generally under the bankrupt law. (*Ansonia Brass & Copper Co.* v. *Babbitt,* 74 N. Y. 395, 401.)

The order in question was made by the District Court of the United States for the southern district of New York in a proceeding in bankruptcy instituted by the judgment debtor, and upon an application by him showing, among other things, the seizure by the sheriff of his property under an execution issued upon a judgment recovered in the Supreme Court by the plaintiff herein, and which was alleged to have been obtained fraudulently, and in violation of the provisions of the Bankrupt Act. The order was made on the 27th day of November, 1875, and purported to restrain the plaintiff herein and the defendant "from interfering in any way with the said property (held by the sheriff under levy) of said" bankrupt until the further order of the court. The plaintiff herein assumed the validity of this order, and appeared in the Bankrupt Court upon an application to vacate it, and for leave to the sheriff to sell under his execution. Upon this application an order was made by the Bankrupt Court on the seventeenth day of December thereafter vacating the stay and granting leave to the sheriff to sell, and plaintiff availed itself of such leave. (*Dorrance* v. *Henderson,* 92 N. Y. 406.)

Without entering into a general discussion of the jurisdiction of the Bankrupt Court, we may say that we entertain no doubt of their power to examine into the validity of alleged claims upon the bankrupt's property and restrain by temporary injunction the sale and disposition thereof, during the pendency of proceedings in bankruptcy in such court. This must result from, and is the necessary incident of, the power conferred upon them to collect and marshal the bankrupt's assets and ascertain and liquidate the liens and other specific claims thereon. (§ 4972, R. S. of U. S.) Any other view would

render such courts powerless to enforce the provisions referred to.

Express power to stay proceedings instituted in any court by the creditors of a bankrupt, for the collection of debts provable in bankruptcy against him, and for stay of execution thereon, is also given by section 5106 of the Revised Statutes of the United States.

The judgment should be affirmed.

All concur.

Judgment affirmed.